**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RICHARD D. PAISNER,<br><br>    Plaintiff,<br><br>  v.<br><br>LIP-BU TAN, FRANK D. YEARY, CRAIG H. BARRATT, JAMES GOETZ, ANDREA J. GOLDSMITH, ALYSSA H. HENRY, ERIC MEURICE, BARBARA NOVICK, STEVE SANGHI, GREGORY D. SMITH, STACY J. SMITH, DION J. WEISLER, HOWARD LUTNICK, as Secretary of the United States Department of Commerce, and the UNITED STATES DEPARTMENT OF COMMERCE,<br><br>    Defendants,<br><br>  and<br><br>INTEL CORPORATION, a Delaware corporation,<br><br>    Nominal Defendant. | Civil Action No. |

**NOTICE OF REMOVAL**

1.    Pursuant to 28 U.S.C. § 1442(a)(1), the U.S. Department of Commerce and Secretary Howard Lutnick, in his official capacity (the "Commerce Defendants"), remove to this Court a civil action filed by Plaintiff Richard D. Paisner in the Delaware Court of Chancery as case number C.A. No. 2026-0307.

2.    Plaintiff's Complaint is a shareholder derivative action that alleges claims against the Commerce Defendants, as well as Intel Corporation and its Directors. *See generally* Ex. A, Public Compl.  The claims arise from an agreement (the "Stock Agreement") between Commerce and Intel, under which Commerce assumed an equity stake in Intel along with a warrant to

1

purchase additional stock under certain circumstances. *See id.* ¶ 86. In Count Three, Plaintiff brings a claim against all defendants, including the Commerce Defendants, alleging that the Stock Agreement is purportedly unauthorized by federal law and thus invalid. *Id.* ¶¶ 134–40. Plaintiff alleges additional claims against the Intel Directors alone. *See id.* ¶¶ 122–33, 141–44.

3.      Section 1442(a)(1) provides, in relevant part, that "[a] civil action that is commenced in a state court and that is against or directed to . . . [t]he United States or any agency thereof or any officer . . . of the United States" "may be removed by them" "to the district court of the United States for the district and division embracing the place where in it is pending." 28 U.S.C. § 1442(a)(1). This statute is "broadly construed in favor of a federal forum." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016) (citation and internal quotation marks omitted).

4.      In the Third Circuit, "[f]our requirements must be satisfied before a district court may assert jurisdiction under § 1442(a)(1): (1) the defendant is a person within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct acting under the United States, its agencies, or its officers; (3) the plaintiff's claims against the defendant are for, or relating to an act under color of federal office; and (4) the defendant raises a colorable federal defense to the plaintiff's claims." *Golden v. N.J. Inst. of Tech.*, 934 F.3d 302, 309 (3d Cir. 2019) (citation and internal quotation marks omitted).

5.      Each of the four requirements for removal and jurisdiction in this Court is satisfied in this litigation.

6.      First, both the Department of Commerce and the Secretary of Commerce are persons entitled to remove under the statute. 28 U.S.C. § 1442(a)(1); *see also Golden*, 934 F.3d at 310 (removal by "a federal agency . . . fulfills the first requirement").

7.      Second, Plaintiff's claims against the Commerce Defendants are plainly based on alleged conduct "acting under" the United States.  This requirement is "liberally construed to cover actions that involve an effort to assist, or to help carry out" the "duties or tasks of the United States." *Golden*, 934 F.3d at 310 (citations and internal quotation marks omitted).  Plaintiff's claim against the Commerce Defendants centers on the validity of an agreement to which a federal agency is a party and involves the disbursement of Congressionally appropriated federal funds. Compl. ¶¶ 85, 86, 92, 134–40.  To be sure, Plaintiff disputes the validity of the Stock Agreement, but there can be no doubt that it was made by officials "acting under" the United States.  This more than satisfies the second requirement for removal.

8.      Third, and for similar reasons, Plaintiff's claims against the Commerce Defendants relate to an act under color of federal office.  It is sufficient under this requirement that there be "a connection or association between the act in question and the federal office." *Golden*, 934 F.3d at 310 (internal quotation marks and citation omitted).  Plaintiff's claim challenging the validity of a contract with a federal agency regarding the disbursement of federal funds, Compl. ¶¶ 85, 86, 92, 134–40, undoubtedly is connected to a federal office.

9.      Finally, the United States has multiple colorable federal defenses to the claim made against the Commerce Defendants.  To begin, a federal issue is stated on the face of Plaintiff's Complaint where it alleges that the Stock Agreement between Intel and Commerce is invalid because it is purportedly unauthorized *by federal law*.  Compl. ¶¶ 135, 136 (alleging that the CHIPS Act "does not authorize or direct" Commerce to assume "an equity stake in a publicly traded company such as Intel in connection with any financial assistance provided to that company by" Commerce; that no "provision in any other law . . . authorizes the President, [Commerce], or any other federal officer" to do so; and that Congress has not otherwise "authorize[d] the President

3

or a federal agency to become a partial owner of a publicly traded company"). In light of that context, the United States anticipates raising numerous colorable federal defenses. They include, without limitation: (1) Plaintiff's claim is barred by federal sovereign immunity because, *inter alia*, Count Three challenges an action committed to agency discretion by law under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2); and (2) contrary to Plaintiff's assertions in the Complaint, the contract at issue is valid and authorized by federal law, including by the CHIPS Act, 15 U.S.C. § 4651 *et seq*. At this juncture, the Court need only determine that the proffered federal defenses are "legitimate" and can "reasonably be asserted, given the facts presented and the current law." *Golden*, 934 F.3d at 311 (cleaned up). The foregoing federal defenses more than clear that low bar. *See id.* ("A defendant need not win his case before he can have it removed." (quoting *Papp*, 842 F.3d at 815)).

10.     This removal is timely because it is filed within 30 days of the Commerce Defendants' receipt of the summons and complaint. 28 U.S.C. § 1446(b)(1); *see also* Ex. B, Stipulation and Order Extending Time for All Defendants to Respond to the Complaint at 2, *Paisner v. Lip-Bu Tan, et al.*, C.A. No. 2026-0307-PAF (Del. Ch.) (stating parties' agreement that the Commerce Defendants received the summons and complaint on March 12, 2026).

11.     Consistent with 28 U.S.C. § 1446(a), a true and accurate copy of all public process, pleadings, and orders served on the Commerce Defendants in the Delaware Court of Chancery are attached to this notice of removal. *See* Exs. A, B; *see also* Ex. C (summons as served on the Commerce Defendants). The unredacted Complaint and certain exhibits thereto were filed under seal by the Plaintiff in the Court of Chancery. Following this notice, the Commerce Defendants will move for leave to file these confidential materials under seal in this Court.

12. This Notice of Removal will be promptly filed with the clerk of the Delaware Court of Chancery and written notice thereof will be given to counsel for the parties. *See id.* § 1446(d). A copy of the notice that will be filed with the state court is attached hereto. Ex. D.

Dated: April 10, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

BENJAMIN L. WALLACE
United States Attorney

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

STEPHEN M. ELLIOTT
Assistant Director

*/s/ James R. Powers*
JAMES R. POWERS (TX Bar No. 24092989)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-0543
Fax: (202) 616-8460
Email: james.r.powers@usdoj.gov

*Counsel for the United States*

## CERTIFICATE OF SERVICE

I, James R. Powers, hereby certify that on April 10, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  Said document is available for viewing and downloading from CM/ECF.  I further certify that said document will be served via email on the following counsel of record in the Delaware proceedings:

HEYMAN ENERIO
& GATTUSO & HIRZEL LLP

Kurt M. Heyman
Gillian L. Andrews
kheyman@hegh.law
gandrews@hegh.law

Alan B. Morrison
GW LAW
abmorrison@law.gwu.edu

*Attorneys for Plaintiff*
*Richard D. Paisner*

AKERMAN LLP

Tammy L. Mercer
tammy.mercer@akerman.com

MUNGER, TOLLES & OLSON LLP

Bridget Fitzpatrick
Bridget.Fitzpatrick@mto.com
John M. Gildersleeve
john.gildersleeve@mto.com
Brian Boessenecker
Brian.Boessenecker@mto.com

*Attorneys for Director Defendants*
*Lip-Bu Tan, Frank D. Yeary, Craig H. Barratt, James Goetz, Andrea J. Goldsmith, Alyssa H. Henry, Eric Meurice, Barbara Novick, Steve Sanghi, Gregory D. Smith, Stacy J. Smith, Dion J. Weisler, and Nominal Defendant Intel Corporation*

*/s/ James R. Powers*
JAMES R. POWERS
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch

6