# EXHIBIT 7

akerman

Andrew S. Dupre

Akerman LLP
222 Delaware Avenue
Suite 1710
Wilmington, DE 19801

T: 302 596 9200
F: 302 596 9300

January 26, 2026

**VIA U.S. MAIL AND**
**EMAIL TO gandrews@hegh.law**

Gillian Andrews, Esquire
HEYMAN, ENERIO, GATTUSO & HIRZEL LLP
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801

**Re: Supplemental Request for Documents and Explanatory Narratives in Relation to Eric Gilbert's and Richard Paisner's Demands for Inspection of Books and Records Pursuant to 8 *Del. C.* § 220**

Gillian:

On November 7, 2025, Intel Corporation ("Intel") issued a written response to Eric Gilbert's October 16, 2025 Demand for Inspection of Books and Records pursuant to 8 *Del. C.* § 220 (the "Gilbert Demand"), wherein Intel objected to the Gilbert Demand on the basis that it did not present a proper purpose for inspection of Intel's books and records and sought materials beyond the limitations of Section 220. On December 15, 2025, Intel issued a written response to Richard Paisner's (together with Eric Gilbert, "Stockholders") November 21, 2025 Demand for Inspection of Books and Records pursuant to 8 *Del. C.* § 220 (the "Paisner Demand"), wherein Intel objected to the Paisner Demand on the same bases as its objection to the Gilbert Demand. Solely in a good faith effort to resolve Stockholders' stated concerns, on December 23, 2025, Intel produced all documents relevant to the Transaction[1] that it would have been required to produce under Section 220 had the Gilbert Demand or Paisner Demand stated a proper purpose—which they did not.

On December 31, 2025, and January 6, 2026, Intel received supplemental requests for documents from Stockholders, seeking documents and explanatory narratives beyond the scope of Section 220. Intel considers its responses to the Gilbert Demand and Paisner Demand, as well as its courtesy document production, to be complete and compliant with the parameters of Section

---

[1] For ease of reference, Intel incorporates the definition of Transaction set forth in Intel's November 7, 2025 response to the Gilbert Demand and December 15, 2025 response to the Paisner Demand.

220. Nonetheless, and without waiver of any position set forth in its responses to the Gilbert Demand and Paisner Demand, Intel responds as follows to Stockholders' supplemental requests.

1. Has the Secure Enclave Commitment ever been reduced to writing? If so, will Intel agree to produce a copy of the operative Secure Enclave Commitment? To the extent that the Secure Enclave Commitment has not been reduced to writing, please provide a description of the "terms and conditions" of the Secure Enclave Commitment with respect to the disbursements to be made pursuant thereto.

- *The Secure Enclave agreement has been reduced to writing, but Intel will not produce a copy as Mr. Gilbert's and Mr. Paisner's inspection demands provide no basis for doing so under Section 220. In any event, the agreement is subject to confidentiality restrictions. For publicly available information regarding the agreement we refer you to the Department of Defense's September 16, 2024 press release (https://www.war.gov/News/Releases/Release/Article/3906926/department-of-defense-department-of-commerce-joint-statement-announcement-in-su/) and Intel's press release of the same date (https://newsroom.intel.com/corporate/2024-intel-news).*

2. The meeting minutes produced indicate that certain legal memoranda were provided to the Board in connection with the Transaction. *See* Intel_000001, Intel_000007. Please advise whether Intel will agree to produce these legal memoranda. Stockholders are willing to enter into a Rule 510(f) agreement to facilitate any production of these memoranda.

- *The meeting minutes produced by Intel at Intel_000001 and Intel_000007 do not mention legal memoranda.*

3. Have there been any supplements, amendments, addenda, or other changes to the Warrant and Common Stock Agreement that was appended to Intel's Form 8-K disclosing the Transaction? If there have been, will Intel agree to produce documents reflecting same?

- *There are no supplements, amendments, addenda, or other changes to the Warrant and Common Stock Agreement appended to Intel's Form 8-K disclosing the Transaction. However, there was a revision to the Form of Warrant delivered at closing. A copy of the publicly filed Warrant and Common Stock Agreement, along with the revised Warrant, are being produced contemporaneously with this letter as Intel_000319 – Intel_000406.*

4. Were any separate analyses provided to the Board regarding any conflicts of interest of any of the Board's advisors for the Transaction, including Skadden? If so, will Intel agree to produce any such analyses provided to the Board?

- *There were no separate analyses provided to the Board regarding conflicts of interest of any advisors for the Transaction.*

5. Has the United States government made any amendments or modifications to the Direct Funding Agreement or the Secure Enclave Commitment to release Intel from the specified obligations thereunder pursuant to the Transaction? If so, will Intel agree to produce documents reflecting same?

- *Please see the Direct Funding Agreement and Implementing Amendment to Direct Funding Agreement, which are being produced contemporaneously with this letter as Intel_000407 – Intel_000639. There have not been any amendments or modifications to the Secure Enclave Commitment.*

6. Has Intel produced any documents related to the Transaction to any other stockholders of the company which have not also been produced to Stockholders? If so, will Intel agree to produce those additional documents to the Stockholders?

- *Intel has not produced any documents related to the Transaction to any other stockholders that have not also been produced to Stockholders.*

7. Are there any other Board Materials related to the Transaction, the Direct Funding Agreement or the Secure Enclave Commitment, including those specifically requested at page 11, sections (e), (f), (g), and (k) of the Gilbert Demand and page 17, sections (a), (b), (f), (g), (h), (i), and (p) of the Paisner Demand, that have not been produced to the Stockholders? If such material exists, please advise whether Intel will produce documents reflecting same to the Stockholders.

- *Intel has produced all meeting minutes and board materials related to the Transaction as required by Section 220(a)(1)(e)-(f). Intel is not producing minutes or materials related to the Direct Funding Agreement or the Secure Enclave Commitment as such documents are not specifically related to the purported purpose of the Gilbert Demand or Paisner Demand, as required by Section 220(b)(2)(c).*

8. Was any financial analysis done in connection with the Transaction and the Direct Funding Agreement and the Secure Enclave Commitment that was provided to or reviewed by the Board? If so, will Intel agree to produce documents reflecting same?

- *Please see Intel_000013-16; Intel_000018, and Intel_000028.*

9. Please specify which of Intel's obligations under the Direct Funding Agreement are considered to have been "discharged." To the extent possible, please provide references to the applicable section of the Direct Funding Agreement. In addition, please identify with specificity those of Intel's obligations under the Direct Funding Agreement that are required by law or with respect to the Secure Enclave Commitment and that have not been "discharged."

- *Please see the Implementing Amendment to Direct Funding Agreement, which is being produced contemporaneously with this letter as Intel_000630 – Intel_000639.*

---

10. The term sheet that was produced indicates a legal opinion would be provided as a term of closing the transaction. Was that legal opinion obtained and provided, and if so, will Intel produce a copy of that opinion to the Stockholders?

- *The condition of a legal opinion to be delivered to Department of Commerce at closing, set forth in the term sheet produced by Intel at Intel_000019, was not part of the final Warrant and Common Stock Agreement, and no such legal opinion was obtained or provided.*

Sincerely,

*/s/ Andrew S. Dupre*

Andrew S. Dupre

Enclosures

cc: Kurt Heyman, Esq. (via email)
Abbott Cooper, Esq. (via email)
Seamus Kaskela, Esq. (via email)
Adrienne Bell, Esq. (via email)
Alan B. Morrison, Esq. (via email)